## Re: North East School District Resolution

*Edward Orton,* for appellants.
*John Wilson,* contra.

CARNEY, *P. J.*, August 30, 1974—On May 9, 1974, the Board of Education of the North East School District enacted a taxing resolution pursuant to The Local Tax Enabling Act (The Tax Anything Act) of December 31, 1965, P.L. 1257, 53 PS §§6901, et seq. Said resolution imposed a tax of $8. per month upon the privilege of the use and occupancy of every house trailer or mobile home used by human beings and located within the district for more than 15 days on and after July 1, 1974.

The petitioners, aggrieved taxpayers of the district, have appealed from the adoption of the resolution alleging that it is contrary to section 2, paragraph 8 of The Local Tax Enabling Act and that the imposition of the tax is therefore illegal.

That section provides that local authorities shall have no power by virtue of the act:

"(8) To levy, assess or collect any tax on a mobilehome or house trailer *subject to a real property tax* unless the same tax is levied, assessed and collected on other real property in the political subdivision." (Emphasis ours.)

Furthermore, The General County Assessment Law, Act of May 22, 1933, P.L. 853, as amended, applicable in Erie County, provides as follows at 72 PS §5020-201:

"The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:

"(a) All real estate, to wit: houses, house trailers, and mobile homes, buildings permanently attached to land or connected with water, gas, electric or sewage facilities."

In addition, 72 PS §5020-203-1 of the same law provides:

"A mobile home or house trailer upon which a real property tax is levied as provided by law, shall not be subject to any tax not levied on other real property in the political subdivision."

The only issue presented for our determination is the meaning of the phrase "subject to a real property tax." It is the district's contention that "subject to" means that a property has been valued, assessed, and levied upon as set forth in sections 1 and 2 of The General County Assessment Law, a contention with which we cannot agree. For every house trailer and mobile home situate in the district that is permanently attached to the land or connected with water, gas, electric or sewage facilities is, in the opinion of the court, subject to taxation under the provisions of The General County Assessment Law, and thus entitled to the protection of section 8 of "Tax Anything Act."

The identical question arose in Lewistown Borough v. Mannino, 38 D. & C. 2d 33 (1965). There the court said that the legislature amended the "Tax Anything Act" (sec. 8) to insure against "a discriminatory double taxation of trailers" already subject to taxation under The General County Assessment Law.

There the court interpreted "subject to" as dictionary defined, liable, exposed, contingent on or conditional upon.

Also quoted in that opinion is the case of Mississippi Mills v. Cook, 56 Miss. 40, 52, wherein the Supreme Court of Mississippi faced with a similar inquiry concluded that [T]he term " 'subject to taxation' ". . . means liable to taxation. [It] cannot be construed as meaning that the property must be

subjected to taxation.'" a conclusion with which we agree.

This conclusion, of course, does not leave the district without its remedy, for under The General Assessment Act all trailers and mobile homes either permanently attached to land or connected with the enumerated utilities can be taxed for city, borough, town, township, school and poor purposes.

We merely reiterate that mobile homes cannot be subjected to double taxation unless the identical tax is placed upon other realty in the district.

## ORDER

And now, August 30, 1974, for the reasons above stated, the appeal is sustained and the taxing resolution enacted May 9, 1974, by the Board of Education of the North East School District is hereby declared invalid.